IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LUIS ARANGO, on behalf of himself and all other similarly situated persons known and unknown, | ) ) ) ) | |
| Plaintiff, | ) ) | No. 11 C 1525 |
| v. | ) ) | Judge Ronald A. Guzmán |
| WORK & WELL, INC., SYSCO CHICAGO, INC d/b/a SYSCO FOOD SERVICE–CHICAGO, INC., and DOES 1-50 | ) ) ) ) ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Before the court are the parties' cross-motions to clarify the Court's order ruling on the motion to dismiss the Second Amended Complaint ("SAC") and Work & Well's motion to dismiss the Third Amended Complaint ("TAC"). For the reasons stated herein, the motions to clarify are granted and the court clarifies its order as provided herein. Further, Work & Well's motion to dismiss the TAC is granted in part and denied in part.

**A.     Background**

The Court assumes familiarity with the allegations of the complaint and its prior orders. Briefly, in the SAC, the plaintiff, on behalf of himself and a putative class, brought suit against Sysco, Work & Well, Inc., and Does 1-50 alleging violations of the FMLA (Count I) and tortious interference with employment (Count II). According to the allegations, Work & Well is the third-party administrator for Sysco and the Doe defendants and processes their employees' FMLA leave. The plaintiff alleges that Work & Well has a policy of not approving the full

amount of FMLA leave time recommended by a health care provider and instead approving a shorter period and then requesting additional information not required by the FMLA in order to extend the requested leave time. As to the named plaintiff, Luis Arango, Sysco purportedly terminated him when he did not provide the additional medical information Work & Well said was necessary to extend his FMLA leave time. Work & Well moved to dismiss both claims against it as alleged in the SAC. The Court granted the motion to dismiss the FMLA claim on the ground that the plaintiff failed to allege that Work & Well was his employer under the FMLA, but denied the motion to dismiss the tortious interference with employment claim.

Both parties moved for clarification of various aspects of the order on the SAC and the plaintiff subsequently was granted leave to file a TAC again alleging an FMLA claim (Count I) and a tortious interference claim (Count II). Work & Well moves to dismiss the TAC.

B. **Motions for Clarification and Work & Well's Motion to Dismiss Count II of the Third Amended Complaint**

Because resolution of Work & Well's motion to dismiss the TAC necessarily resolves issues raised in the motions to clarify the order dismissing the SAC, the Court addresses the motion to dismiss the TAC first.

As to Work & Well's motion to dismiss Count I, the FMLA count, that motion is granted. The Court previously dismissed this claim against Work & Well and the plaintiff does not address the issue in its response to Work & Well's motion to dismiss the TAC. Accordingly, the court sees no reason to revisit the issue and Work & Well's motion to dismiss the FMLA count against it is granted.

With respect to Count II, the tortious interference count, Work & Well again moves to dismiss this count. It first argues that the TAC fails to plead facts that support intentional

interference. Specifically, Work & Well contends that the allegations fail to connect its purported policies of approving shorter leaves than recommended and requiring additional medical information than is required under the FMLA with an intent that the employees be terminated from their jobs. As the court noted with respect to the Second Amended Complaint, the plaintiff alleges that Work & Well: (1) created the partial leave certification policy whereby it typically certifies leave in blocks of four to six weeks regardless of the length of the requested leave as documented by the employee's doctor (TAC ¶¶ 28-29); (2) created the recertification process by which it requests additional detailed medical information (beyond that permitted under the FMLA) from the employee's healthcare providers in order to extend the leave beyond the approved partial leave date (*id*. ¶¶30-33); and (3) intentionally, wrongfully and/or unjustifiably interfered with Arango's (and any other similarly situated person's) employment relationship with Sysco by implementing and executing these policies and practices (*id.* ¶¶ 64-65). Arango's tortious interference with prospective economic advantage is facially plausible because he pleads factual content that allows this Court to draw the reasonable inference that Work & Well is liable for the alleged misconduct. Accordingly, the Court denies Work & Well's motion to dismiss on this ground.

Work & Well also asserts that its conduct was privileged and the plaintiff has not alleged facts that would establish that its conduct was unjustified or malicious. The Court previously rejected this argument as to the SAC on the ground that privilege is an affirmative defense and the plaintiff need not plead around affirmative defenses. (Dkt. #126, PageID1260.) Work & Well disagrees asserting that the *HPI Health Care Servs. Inc. v. Mt. Vernon Hosp., Inc.*, 545 N.E.2d 672, 677 (Ill. 1989), requires that a plaintiff must allege facts to overcome the

3

privilege. As an initial matter, HPI is an intentional interference with contract case, not, like here, a tortious interference with prospective economic advantage case, and so its relevance is questionable. *Cutler v. Quality Terminal Services, LLC*, No. 08 C 6630, 2012 WL 669052, at *21 (N.D. Ill. Feb. 29, 2012) ("an action for tortious interference with contractual relations is not the proper vehicle for a discharged at will employee seeking to recover damages; rather an action for tortious interference with a contract that is terminable at will is classified as one for intentional interference with prospective economic advantage") (citation, internal quotations and alterations omitted). Moreover, *HPI* discusses the pleading requirements under Illinois' fact-pleading regime, not federal notice pleading. Finally, contrary to Work & Well's assertion, the plaintiff alleges that Work & Well administered its FMLA leave policy in contradiction of the FMLA and in doing so unjustifiably interfered with his employment relationship with Sysco. (TAC ¶¶ 18, 25, 64-65.) Because this count is sufficiently pled, the motion to dismiss the tortious interference claim is denied.

  Work & Well next argues that the national class allegations regarding Count II should be stricken pursuant to Rule 12(f), 26(c)(1)(A) and 23(d)(1)(D). Although the plaintiff asserts that addressing viability of a national class is premature, the court agrees with the conclusion of another court in this district that "[p]articularly given that Rule 23(c)(1)(A) instructs courts to determine whether a class may be certified '[a]t an early practicable time,' courts may—and should—address the plaintiff's class allegations when the pleadings are facially defective and definitively establish that a class action cannot be maintained." *Wright v. Family Dollar, Inc.*, 10 C 4410, 2010 WL 4962838, at *1 (N.D. Ill. Nov. 30, 2010). *See also Kasalo v. Harris & Harris, Ltd.*, 656 F.3d 557, 563 (7th Cir. 2011) ("Consistent with this language [of Federal Rule of Civl

Procedure 23(c)(1)(A)], a court may deny class certification even before the plaintiff files a motion requesting certification.").

Here, it is apparent that the plaintiff's national class allegations cannot remain as to Count II. The plaintiff has no factual basis to state a plausible claim for relief for tortious interference for prospective economic advantage with respect to a nationwide class. For example, the TAC alleges that "it is *believed* that the putative class of employees with claims of tortious interference numbers in the hundreds of employees," (TAC ¶ 4 (emphasis added),) with no supporting facts. The TAC further alleges conclusorily that "Work & Well intentionally, wrongfully, and/or unjustifiably interfered with each putative class member's employment relationship with his or her employer, and by its actions induced the termination of those relationships." (Id. ¶ 65.) In his response to the motion to dismiss and strike the national class allegations, the plaintiff asserts that "[l]ogically, all individuals who applied for leave through W&W had a reasonable expectancy of continuing employment; otherwise they would have just left work without having bothered applying for job-protected leave" and that "[d]amages necessarily resulted from the loss of employment." (Response, Dkt. #169-1 at 11, PageID1680.) But this statement assumes that others have lost their jobs based on Work & Well's purported FMLA leave policy. This is a logical jump that is, again, not supported by any facts.

The court expressed its concern early on that the plaintiff was going about discovering facts in the wrong order. (Dkt. #116, 9/8/2011 Hr'g Tr. 6) (Judge Guzman: "Sounds like a tail wagging a dog at this point to me. You're telling me that you may find sufficient facts to relate all of these employers through Work & Well to a common class action. . . . I don't think we file the complaint and then take discovery to try to establish the facts that justify the complaint").

5

The TAC does not alleviate this concern. The plaintiff is seeking nothing more than a classic fishing expedition, which is not permissible. *See Pruitt v. City of Chic.*, No. 03 C 2877, 2004 WL 1146110, at *4 (N.D. Ill. May 20, 2004) ("To allow Plaintiffs to certify a class to include employees who work for other supervisors against whom there is no evidence or even allegations of harassment and to allow discovery pertaining to those supervisors would be to condone the ultimate fishing expedition.").

Moreover, even assuming that the plaintiff had sufficiently alleged facts supporting a nationwide class, the court agrees with Work & Well that a nationwide class action as sought by the plaintiff cannot satisfy the requirements of Rule 23, and in particular, that common issues predominate. Fed. R. Civ. P. 23(b)(3) (class certification is appropriate under this provision if "the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy").

To prevail on the claim of intentional interference with prospective economic advantage in this context, it must be shown *with respect to each class member* that the purportedly illicit FMLA policy prevented the plaintiff's ongoing employment. Indeed, under Illinois law, "in deference to competition in instances of an at-will relationship, a tortious interference claim only lies where both parties want the relationship to continue." *Metro Premium Wines v. Bogle Vineyards, Inc.*, 11 C 911, 2011 WL 5403635, at *3 (N.D. Ill. Nov. 8, 2011). This can be a time-consuming fact-specific inquiry in a case with a single plaintiff, not to mention with the hundreds of putative plaintiffs who allegedly exist. Simply because the employee may have been subject to Work & Well's FMLA policy and then subsequently terminated, it cannot be

6

presumed that the two events are causally connected. Each employment decision must be individually investigated and substantiated. Because individual issues predominate, the tortious interference claim is not amenable to a class action. *In re Yasmin and Yaz (Drospirenone) Marketing*, 275 F.R.D. 270 (S.D. Ill. 2011) ("Considering the case-specific questions discussed above, it is evident that individual issues of fact predominate. Accordingly, certification of the proposed nation-wide class would be improper."); *Murry v. America's Mortg. Banc, Inc.*, 03 C 5811 and 03 C 6186, 2005 WL 1323364, at *3 (N.D. Ill. May 5, 2005) ("If individual issues predominate, then class certification is usually not a superior method for resolving the controversy.") (*citing Szabo v. Bridgeport Machs., Inc.*, 249 F.3d 672, 675 (7th Cir. 2001)). For these reasons, the motion to strike the nationwide class allegations in Count II is granted. This conclusion also resolves the same issue raised by Work & Well in its motion to clarify.

In the remaining issues raised by the plaintiff in his cross-motion to clarify, he contends that the Doe defendants were proper defendants under Count I, the FMLA count, pursuant to the juridical link doctrine and should not have been dismissed. Under the juridical link doctrine, "a class action may proceed where the plaintiffs as a group-named and unnamed-have suffered an identical injury at the hands of several parties related by way of a conspiracy or concerted scheme, or otherwise juridically related in a manner that suggests a single resolution of the dispute would be expeditious." *Vulcan Golf, LLC v. Google Inc.*, 552 F. Supp.2d 752, 762 (N.D. Ill. 2008) (citation and internal quotation marks omitted). But the juridical link doctrine deals with standing, *see Payton v. County of Kane*, 308 F.3d 673, 678 (7th Cir. 2002), not joining of defendants under Rule 20(a)(2). Because the plaintiff has not demonstrated that joinder of the Doe Defendants is proper, the court declines to reconsider its order dismissing them.

Finally, the plaintiff asserts that his claim for injunctive relief should be allowed to proceed under the FMLA while Work & Well argues to the contrary. However, the FMLA claim is no longer pending against Work & Well; therefore, the Court will not consider this argument.

C.     **Conclusion**

In conclusion, the Court grants in part and denies in part Work & Well's motion to dismiss [166-1] the TAC. The FMLA count (Count I) is dismissed as to Work & Well and the tortious interference claim (Count II) remains pending but the national class allegations are stricken. With respect to the motions to clarify [141-1], they are granted. The FMLA count against Work & Well is dismissed, the Doe Defendants remain dismissed and the claim for injunctive relief under the FMLA as to Sysco Chicago, Inc. d/b/a Sysco Food Service, Inc. remains.

**Date**: July 24, 2012

*Ronald A. Guzman*
_____
**Ronald A. Guzman**
**United States District Judge**