# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 1525 | **DATE** | 6/5/2013 |
| **CASE TITLE** | *Arango v. Work & Well, Inc.* | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, Work & Well, Inc.'s motion for leave to plead an additional affirmative defense [218-1] is denied.

■[ For further details see text below.]　　　　　　　　　　　　　　　　　　　　　　　Docketing to mail notices.

## STATEMENT

　　Work & Well, Inc.'s ("Work & Well") motion for leave to plead an additional affirmative defense of setoff based on amounts recovered by the plaintiff in a settlement with the co-defendant Sysco, Inc. ("Sysco") is denied. In this context, setoff is not an affirmative defense because "an affirmative defense operates to eliminate liability rather than reduce it." *AEL Fin. LLC v. Tri-City Auto Salvage, Inc.*, No. 08 C 4384, 2009 WL 3011211, at *12 (N.D. Ill. Aug. 31, 2009). Nor is Work & Well's request for setoff a counterclaim because it is not being asserted for monies owed Work & Well by the plaintiff. *Iroanyah v. Bank of Am.*, No. 09 C 94, 2013 WL 268635, at *6 (N.D. Ill. Jan. 24, 2013) ("Illinois law provides that when a party seeks a setoff against 'the same plaintiff who filed suit against him,' the setoff claim is 'subsumed procedurally under the concept of a counterclaim.'"). Work & Well instead appears to be seeking equitable relief under the one-satisfaction rule. "Under this rule, a plaintiff is entitled to only one satisfaction for a single injury" so the rule "'operates to prevent double recovery, or the overcompensation of a plaintiff for a single injury.'" *Phoenix Bond & Indem. Co. v. Bridge*, Nos. 05 C 4095 and 07 C 1367, 2012 WL 8706, at *1 (N.D. Ill. Jan. 2, 2012) (quoting *BUC Int'l Corp. v. Int'l Yacht Council Ltd.*, 517 F.3d 1271, 1276 n.5 (11th Cir. 2008) ("The one-satisfaction rule . . . is not invoked as a counterdemand, but rather as an equitable doctrine designed to prevent multiple recoveries by a plaintiff on its own claim and for a single injury.")). Thus, "[n]on-settling defendants 'are entitled to a reduction in the judgment against them by the amounts received by [plaintiff] in settlement of claims for the same injury.'" *Id.* As noted by an Illinois court, "[a] plaintiff is only entitled to one recovery and only one satisfaction for claimed injuries pursuant to one cause of action, regardless of the number of theories of recovery advanced." *Foster v. Kanuri*, 608 N.E.2d 8, 10 (Ill. App. Ct. 1992).

(cont'd on next page)

**STATEMENT**

In making this ruling, the Court does not opine on whether any injury purportedly inflicted by the defendants constitutes a single or the same injury. The Court will consider Work & Well's position when and if judgment is entered against it.